**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MARTIN ALONSO SALAS VALLEJO,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Senior Warde, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26cv3682 DMS (JAC)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition. Petitioner did not file a Traverse. For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Mexico. (Return at 2.) On February 27, 2026, he entered the United States without inspection and was arrested by Border Patrol officials. (*Id.*) He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody. (*Id.*) He was later interviewed by an asylum officer and found to have a credible fear of being returned to his home country, and therefore placed in regular removal proceedings. (*Id.*)

Petitioner's removal proceedings concluded with an individual merits hearing on July 10, 2026, after which the immigration judge denied Petitioner's request for asylum,

withholding of removal, and withholding and deferral of removal under the Convention Against Torture, and ordered Petitioner removed to Mexico. (ECF No. 6-2.) Petitioner filed an appeal of that decision with Board of Immigration Appeals ("BIA"), and that appeal is pending. (ECF No. 6-1.)

On June 23, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights and that his detention has become unconstitutionally prolonged in violation of his due process rights. Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. § 1225(b)(1)(B)(ii), and Petitioner's detention has not been unconstitutionally prolonged.

In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since February 27, 2026, or for more than seven months. The likely duration of Petitioner's future detention is uncertain as his case is currently pending before the BIA. On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025). *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb.

25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). Neither side argues there has been a delay in this case, therefore the fourth and fifth factors are neutral. And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and therefore violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. The parties shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Hon. Dana M. Sabraw
United States District Judge